# IN THE COURT OF APPEALS OF IOWA

No. 25-1090
Filed October 15, 2025

IN THE INTEREST OF C.D.,
Minor Child,

M.G., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Brent Pattison, Judge.

A mother appeals the juvenile court's order adjudicating her child as a child in need of assistance. **AFFIRMED.**

Michael A. Horn of Horn Law Offices, Des Moines, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Lori Holm of Holm Law Office, Ankeny, attorney for minor child.

Nancy Pietz of Pietz Law Office, Des Moines, guardian ad litem for minor child.

Considered without oral argument by Tabor, C.J., and Greer and Buller, JJ.

**GREER, Judge.**

After several days of hearings spread over months, on January 29, 2025, the juvenile court adjudicated C.D., born in 2013, a child in need of assistance (CINA) under Iowa Code section 232.96A(3)(b) (2025). The mother takes issue with this determination arguing it is misplaced as to C.D. because the involvement with the Iowa Department of Health and Human Services (HHS) only related to an abuse incident involving the mother assaulting an older teenage sibling.[1] While the juvenile court noted that the grounds of the adjudication related to the younger child was "a little more difficult," we find that the impact of the "incident" negatively impacted C.D., who was a witness to the abuse incident, and from that point, the child voiced frustration and negative feelings involving his relationship with the mother. Thus, we affirm the juvenile court order establishing a CINA for C.D.

For background, on June 28, 2024, the mother put her teenage child in a headlock and punched her five times in the ear, causing the ear to swell and bruise. The mother also sat on the child's chest, restricting her ability to breathe. C.D. observed this altercation. A report was made to HHS, and they removed the older child from the home. No formal removal order was ever entered as to C.D., but the father—who had sole custody and physical care—restricted visits between the mother and child.

We review CINA proceedings de novo. *In re D.D.*, 955 N.W.2d 186, 192 (Iowa 2021). We give weight to the juvenile court's findings but are not bound by

---

[1] We limit our reference to "the child" to C.D. Other than providing the background and basis for the HHS investigation, the proceedings related to this older child are not part of this appeal.

them. *Id.* "[O]ur principal concern is the best interests of the child." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017).

To meet its burden, the State had to show by clear and convincing evidence that the mother failed to exercise a reasonable degree of care in supervising C.D. *In re N.C.*, 952 N.W.2d 151, 153 (Iowa 2020). Specifically, the State had to show the "child has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.96A(3)(b). The juvenile court determined that the child had already been exposed to a high degree of family conflict because of a hotly contested custody battle between the parents. The assault of the older sibling impacted the child, and the juvenile court addressed that impact by noting:

> [the child] reports being scared to stay in [the mother's] home, or even have visits with his mother without [the older sibling] present. His mother doubts this and blames the influence of his father and [the older sibling]. But [the child's] therapist reports that [the child] wants to limit contact with her after what happened with [the older sibling]. When he has contact with his mother, he reports the interactions end in frustration and negative feelings. And the therapist has challenged him on whether others are influencing his opinions and he has been insistent that is not the case.

The juvenile court determined that although it had "no doubt" the mother loved the child and wanted what was best for him, "it appears that the less control she has over the child[], the less she can safely parent [him]. And we have passed that point with [the older sibling] and [the child]."

We understand that the grounds of a CINA adjudication do matter. *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (describing the legal implications as applied to various grounds in a CINA case). The mother asserts insufficient evidence supported the juvenile court's finding under section 232.96A(3)(b), arguing that

there was no "physical abuse or neglect" as defined in section 232.2(48)[2], which required a "nonaccidental physical injury" suffered by the child. At best, she maintains the therapist only opined that the child and mother's interactions ended in "frustration or negative feelings," which cannot be the standard for this CINA ground.[3] Thus, she contends that the "State failed to meet its burden in showing any adjudicatory harm to C.D."

On our review of the record presented, we find that the State offered clear and convincing evidence that the child suffered harmful effects from the mother's failure to supervise the child. "Harmful effects" as used in this context involves the "physical, mental or social welfare of [the] child," and "imminently likely" applies to probable harm. *See L.H.*, 904 N.W.2d at 150 (citation omitted). Our supreme court has often recognized "the 'common sense notion' that the parent's abuse of one child places the parent's other children in danger of abuse." *Id.* at 152. To that end, the father testified that "[the child's] fearful. He's told me many times about how he's afraid of his mom, and he doesn't want to be around her." The child also expressed to the father "how he was afraid of her—of her killing him, and that has also been a fear of mine, of him being hurt by her." In sum, the evidence supported the finding that the child suffered harmful effects from watching the

---

[2] Section 232.2(48) provides that "'[p]hysical abuse' means any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child."

[3] As an additional argument, the mother also continues her self-defense arguments related to the CINA adjudication of the older sibling, but that CINA adjudication has been resolved and affirmed by another panel of our court. *See In re C.G.*, No. 25-0505, 2025 WL 2058667, at *1 (Iowa Ct. App. July 23, 2025).

assault on his older sibling and the continuing conflict that flared up between the child and the mother, which the juvenile court described as "confrontations."

Based on this reasoning, we affirm the juvenile court adjudication of the child as a CINA.

**AFFIRMED.**